JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ebony Clarke

**(b)** County of Residence of First Listed Plaintiff  **New Castle, DE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald B. Baldino, III Esq.
308 E. Second Street, Media PA (610) 891-9212

## DEFENDANTS
Gap Inc. and Old Navy, LLC

County of Residence of First Listed Defendant  **San Francisco, CA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Henry J. Ford, Jr., Esq.; W. John Lee, Esq.
1701 Market Street, Philadelphia, PA (215) 963-5000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec. 2000e, 42 USC Section 1981
Brief description of cause:
Race/Color Discrimination, Retalaition, Hostile Work Environment (Title VII, PHRA, PFPO, Section 1981)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** excess of $75,000.00

**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 5/26/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Wilmington, DE__

Address of Defendant: __2 Folsom Street, San Francisco, CA 94105__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/26/2021__   _/s/ signature_ *Attorney-at-Law / Pro Se Plaintiff*   __326111__ *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Gerald B. Baldino, III__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __05/26/2021__   _/s/ signature_ *Attorney-at-Law / Pro Se Plaintiff*   __326111__ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| EBONY CLARKE, | : | |
|---|---|---|
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| OLD NAVY, LLC and GAP, INC. | : | |
| Defendants | : | **COMPLAINT** |

## COMPLAINT

### INTRODUCTION

Plaintiff, Ebony Clarke ("Plaintiff"), by and through her attorney, Gerald B. Baldino, III, Esq., brings this action against the herein named Defendants, Old Navy, LLC and Gap, Inc. (hereinafter collectively referred to as "Defendants"), for unlawful discrimination on the basis of her race and color, a hostile work environment, retaliation, and Plaintiff's constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, et seq. ("PHRA"), the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1103 ("PFPO"), and 42 U.S.C. Section 1981. Plaintiff seeks damages, including compensatory, liquidated, punitive, and attorneys' fees and costs, and all other relief that this Court deems appropriate, and respectfully represents as follows:

### PARTIES

1. Plaintiff, Ebony Clarke, is an adult individual and resident of the State of Delaware.

2. Plaintiff is African-American/black, and at all times material hereto was an employee of Defendants within the meaning of the statutes that form the basis of this matter.

3. Defendant, Old Navy, LLC ("Old Navy"), is a Delaware corporation and retail clothing company with a principal place of business at 2 Folsom Street, San Francisco, CA 94105.

4. Defendant, Gap, Inc., is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2 Folsom Street, San Francisco, CA 94105.

5. At all times material hereto, Defendants were employers within the meaning of the statutes which form the basis of this matter and employed more than five hundred (500) persons.

6. Defendants Old Navy and Gap, Inc. engaged in an industry affecting interstate commerce and regularly conduct business in the Commonwealth of Pennsylvania.

7. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

## JURISDICTION AND VENUE

8. The causes of action which form the basis of this matter arise under Title VII, the PHRA, the PFPO, and Section 1981.

9. The District Court has jurisdiction over Count I (Title VII) and Count IV (Section 1981) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

10. The District Court has supplemental jurisdiction over Plaintiff's state law claims in Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

11. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

12. All conditions precedent to the institution of this suit have been fulfilled. Plaintiff timely filed a charge of discrimination, retaliation, constructive discharge and of a hostile work environment with the Equal Employment Opportunity Commission ("EEOC"), which was dual-

filed with the Pennsylvania Human Relations Commission ("PHRC"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has properly commenced this action within 90 days of the receipt of the NRTS and has fully complied with all administrative prerequisites for the commencement of this action. Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

13. Plaintiff was employed by Defendants from on or about July 16, 2018, up until her leave of absence on or about September 28, 2019 and subsequent constructive discharge on or about November 28, 2019, because of the hostile work environment and discrimination she was subjected to based upon her race and/or color, and in retaliation for her complaints about the discrimination she was subjected to.

14. Plaintiff was hired as a sales associate to work at Defendants' Old Navy store located at 1618-22 Chestnut Street, Philadelphia, Pennsylvania 19103 in Center City Philadelphia (hereinafter referred to as the "Center City Old Navy").

15. At all times relevant throughout her employment, Plaintiff was an excellent employee who performed her job duties in a highly competent and professional manner.

16. On or about August 21, 2019, Defendants' Center City Old Navy was the filming location for the popular show *Queer Eye*, which is available to watch through the Netflix streaming service.

17. In preparation for the filming, including but not limited to the week leading up August 21, 2019, Defendants' employees at the Center City Old Navy, including Plaintiff, were asked to work shifts overnight in order to prepare the store for filming.

18. Specifically, upon information and belief, Defendants' employees at the Center City Old Navy were tasked with cleaning the store and making sure the displays were fully stocked and organized, and, as a result, worked unusual, demanding shifts in order to make sure the store was prepared for the day of filming.

19. During this time, Plaintiff became excited when she was informed she would have the opportunity to be on camera and possibly be shown in the episode of *Queer Eye* once it aired.

20. On or about the morning of August 21, 2019, Plaintiff arrived at the store at or about 6:00 a.m. to help prepare the store for filming and was asked to stay until the afternoon.

21. This was different from Plaintiff's typical schedule of 4:00 p.m. to 10:00 p.m.

22. Upon her arrival, Plaintiff became aware of other temporary employees who were also working that day.

23. Upon information and belief, all of these temporary employees were Caucasian/white.

24. None of the white, temporary employees were employed at the Center City Old Navy location.

25. It is believed and therefore averred that most, if not all, of the temporary white employees came from suburban locations including, but not limited to West Chester, Pennsylvania; Mount Pocono, Pennsylvania; and from the State of New Jersey.

26. Subsequently thereto, Plaintiff was subjected to discrimination and a hostile work environment by Defendants and their servants, employees, and agents.

27. By way of example, upon arriving at the store, Ms. Clarke was told she would not be allowed on camera despite previously being told otherwise, and instead Plaintiff was sent to the back of the store with the rest of the Center City Old Navy employees.

28. Upon information and belief, all of the employees sent to the back of the store were either African American/black or Cambodian.

29. However, upon information and belief, all of the temporary, white employees were allowed in the filming area and/or in front of the cameras.

30. Unlike the temporary, white employees, Plaintiff was also never given the opportunity to sign a waiver and/or consent form which would have allowed her to be filmed.

31. Throughout the day, Plaintiff attempted to walk toward the filming area and was twice sent away by a white employee of Respondent, Garrett Hatch-Graham.

32. Upon information and belief, Mr. Hatch-Graham was an Old Navy Visual District Manager, and was in charge of the sales region containing the Center City Old Navy location.

33. Instead of allowing Plaintiff in or near the filming area in the front of the store, Mr. Hatch-Graham told Plaintiff to make herself busy.

34. Thereafter, while the temporary, white employees were on the film set, Plaintiff and other regular, minority employees/employees of color were instructed to work in remote areas of the store and to clean, which was outside of Plaintiff's normal job duties at the store.

35. Plaintiff was instructed to clean by Defendants' managers, including Scott Mikesic, the District Manager, who is white. Cleaning was not a component of Plaintiff's typical job duties as a sales associate.

36. Plaintiff was also sent to work in the fitting room, far away from the film set.

37. While in the fitting room, Ms. Clarke heard Mr. Mikesic tell Mr. Hatch-Graham that some certain employees at the store were "too urban."

38. Upon information and belief, this comment was made about Plaintiff and another employee who is also black, as well as other employees of color who were relegated off camera.

39. Mr. Mikesic also informed Plaintiff that she was not allowed to use the elevator during filming and would have to use the employee stairs, which were inconvenient, small, dingy, and rarely used.

40. Meanwhile, upon information and belief, white employees, including Mr. Mikesic, were permitted to use the elevator.

41. As a result of Defendants' actions through their agents, servants, and employees, including but not limited to Mr. Mikesic and Mr. Hatch-Graham, Plaintiff and other similarly situated employees of color working on August 21, 2019 were kept segregated from white employees and were given inferior workplace opportunities and treatment.

42. Upon information and belief, Defendants at all times relevant hereto intended to segregate employees of color at the Center City Old Navy store from the temporary white employees, in an attempt to whitewash the appearance of their store when watched by *Queer Eye* viewers.

43. Later that day, another employee at the Center City Old Navy, who upon information and belief is Cambodian, made a social media post on Facebook about the aforementioned actions of Defendants and their treatment of employees of color.

44. The social media post of Plaintiff's co-worker garnered significant media attention, leading to increased attention on the store.

45. After the social media post, Plaintiff's co-worker was accused by Managers of lying about the aforementioned discriminatory actions.

46. When Plaintiff spoke up in support and stated to co-workers and managers that she too felt the actions of Defendants were discriminatory, she was accused of lying, harassed by co-workers and managers, and suffered retaliation from Defendants.

47. Upon information and belief, Plaintiff's managers never took steps to prevent the harassment and refused to take any corrective action.

48. In fact, rather than addressing the discrimination and harassment Center City Old Navy managers, would complain to employees, including Plaintiff, about the allegations.

49. Further, after complaining to her co-workers and managers that she too felt the actions of Defendants were discriminatory, Plaintiff was thereafter given less desirable work assignments.

50. By way of example, after the allegations of discrimination, Plaintiff was frequently assigned to work in the fitting room, which required more physical labor and was further from other employees.

51. Prior to the August 21, 2019 filming and Plaintiff's subsequent complaints, Plaintiff typically worked on the sales floor or on the register, which were more desirable positions.

52. Upon information and belief, Plaintiff was assigned to the fitting room, away from other employees, to keep her from discussing the discriminatory actions of the Defendants during and after the filming of *Queer Eye* with other employees.

53. As a direct result of Defendants' retaliation and failure to take otherwise take corrective action, Plaintiff was compelled to take a sixty (60) day leave of absence on or about September 28, 2019.

54. Plaintiff could not return to work because of the discrimination, hostile work environment and retaliation she suffered and, as such, was constructively discharged.

55. Plaintiff, Ms. Clarke, was discriminated against on the basis of her race and color with respect to the terms, conditions and/or privileges of her employment.

56. The hostile work environment Plaintiff was subjected to was unwelcome and based on her race and color and complaints of discrimination, was severe and/or pervasive, was humiliating and degrading, and unreasonably interfered with her work.

57. Ms. Clarke viewed the harassment and discrimination as creating an abusive and hostile work environment, as would a reasonable person under similar circumstances.

58. Defendants wholly failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

59. The discriminatory and retaliatory conduct of Defendants was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

60. Under these circumstances, the retaliatory actions that Plaintiff was subjected to, including the aforementioned harassment and requirement that she perform less desirable job duties, would deter a reasonable employee from exercising their rights.

61. Defendants acted with malice, reckless indifference and/or deliberate indifference to Plaintiff's federal, state, and locally protected rights.

62. Upon information and belief, Defendants had a pattern or practice of discriminating against African-American and black employees, an other employees of color.

63. Plaintiff's race was a motivating factor in Defendants' improper and discriminatory treatment of plaintiff.

64. Plaintiff's race was a determinative factor in Defendants' improper and discriminatory treatment of plaintiff.

65. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity including back and front pay, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – TITLE VII

### Plaintiff, Ebony Clarke v. All Defendants

66. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

67. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendants have violated Title VII.

68. Said violations were willful and intentional and warrant the imposition of punitive damages.

69. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

70. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

71. By reason of Defendants' discriminatory acts and retaliation, Ms. Clarke is entitled to all legal and equitable remedies available under Title VII.

72. No previous application has been made for the relief requested herein.

## COUNT II – PHRA

### Plaintiff, Ebony Clarke v. All Defendants

73. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

74. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendant has violated the PHRA.

75. Said violations were intentional and willful.

76. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

77. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

78. By reason of Defendants' discrimination and retaliation, Ms. Clarke is entitled to all legal and equitable remedies available under the PHRA.

79. No previous application has been made for the relief requested herein.

## COUNT III – PFPO

### Plaintiff, Ebony Clarke v. All Defendants

80. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

81. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendant has violated the PFPO.

82. Said violations were intentional and willful.

83. As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

84. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

85. By reason of Defendants' discrimination and retaliation, Ms. Clarke is entitled to all legal and equitable remedies available under the PFPO.

86. No previous application has been made for the relief requested herein.

## COUNT IV – SECTION 1981

87. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

88. By committing the foregoing acts of discrimination, harassment and retaliation, Defendant has violated Section 1981.

89. Said violations were done with malice and/or reckless indifference toward the federally protected rights of Plaintiff and their conduct warrants the imposition of punitive damages.

90. As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

91. The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

92. No previous application has been made for the relief requested herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) declaring the acts and practices complained of herein to be in violation of Section 1981;

(e) enjoining and permanently restraining the violations alleged herein;

(f) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(g) awarding compensatory damages to make the Plaintiff whole for all past lost earnings, earning capacity and benefits, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(i) awarding punitive damages to Plaintiff under Title VII;

(j) awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, the PFPO, and Section 1981;

(k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY DEMAND

Plaintiff demands a trial by jury of the claims asserted herein.

**SACCHETTA & BALDINO**

By: _____

GERALD B. BALDINO, III, ESQUIRE
Attorney I.D. No. 326111
308 East Second Street
Media, PA 19063
P: (610) 891-9212
F: (610) 891-7190
gbaldino@sbattorney.com
Attorney for Plaintiff